UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22846-Civ-COOKE/TURNOFF

DONNA JEAN STEWART, *et al.*,

    Plaintiffs

vs.

LAIDLAW AND COMPANY (UK)
LTD, INC., *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTION TO
COMPEL ARBITRATION AND STAY PROCEEDINGS**

THIS MATTER is before me on Defendants Laidlaw and Company (UK) Ltd. Inc. and Anthony Calabro's Motion to Compel Arbitration and Stay Proceedings. (ECF No. 7). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion is granted.

**I. BACKGROUND**

Plaintiffs, who are groups of investors, bring this action for violation of the Securities Act of 1933 and the Exchange Act of 1934 against Defendants, Laidlaw and Company (UK) Ltd, Inc. ("Laidlaw") and Anthony Calabro. On February 22, 2008, Plaintiffs purchased certain reverse convertible securities through Laidlaw, a brokerage company. Between April 8, 2008, and July 2, 2009, the Plaintiffs executed six agreements in connection with the opening of their securities brokerage accounts with Laidlaw. The agreements each contain an arbitration provision, which states, in relevant part:

> ALL CLAIMS, DISPUTES AND OTHER MATTERS ARISING OUT OF OR RELATING TO THIS AGREEMENT SHALL BE SUBMITTED TO THE ARBITRATION BOARD OF THE NATIONAL ASSOCIATION OF

SECURITIES DEALERS, INC.[1] . . . THIS EXPRESS AGREEMENT TO SUBMIT TO BE BOUND BY ARBITRATION INCLUDES, BUT IS NOT LIMITED TO, DISPUTES ARISING UNDER THE SECURITIES ACT OF 1933, THE EXCHANGE ACT OF 1934 . . ..

Plaintiffs allege that Defendants violated the Securities Act of 1933 an the Exchange Act of 1934 by making material misrepresentations to them that the securities they purchased and maintained through Laidlaw would pay out three years' worth of interest on or around February 22, 2011. According to Plaintiffs, Defendants made the first misrepresentation in February 2008, and the last misrepresentation in January 2011. Defendants seek to stay this case and compel arbitration pursuant to parties' agreement to arbitrate.

### III.  LEGAL STANDARDS

Pursuant to Section 3 of the Federal Arbitration Act ("FAA"), a district court shall stay a pending suit "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration" under a valid arbitration agreement. 9 U.S.C. § 3. When a district court is asked to compel arbitration, it must: (1) determine whether the parties agreed to arbitrate the dispute by applying the federal substantive law of arbitrability; and (2) consider whether legal constraints external to the parties' agreement foreclose arbitration of claims. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626–628 (1985). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers of Am. v. Warrior & Golf Navigation Co.*, 363 U.S. 574, 582 (1960). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25 (1983).

### III.  ANALYSIS

Defendants seek to enforce the arbitration clause contained in the executed brokerage

---

[1] The National Association of Securities Dealers, Inc. (NASD) was succeeded by the Financial Industry Regulatory Authority (FINRA).

account agreements.  Plaintiffs argue that the clauses do not apply to the present dispute because Plaintiffs purchased the securities at issue before they executed the brokerage account agreements.

"An arbitration agreement may be applied retroactively to transactions which occurred prior to execution of the arbitration agreement." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. King*, 804 F. Supp. 1512, 1514 (M.D. Fla. 1992); *see also Drews Distrib. Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 350 (4th Cir. 2001) ("But the reach of an arbitration clause is not restricted to those causes of action brought under the contract containing the clause, unless the parties draft a clause so restricted in scope.").

In determining whether to compel arbitration, a court should consider the intent of the parties.  *See Thomas v. Carnival Corp.*, 573 F.3d 1113, 1119 (11th Cir. 2009).  To determine the parties' intent, a court must look to the language of the arbitration clause.  *See id*.

The plain language of the arbitration provision indicates that the parties must submit the present dispute to arbitration. The arbitration provision governs "all claims, disputes and other matters arising out of or relating to this agreement," including disputes arising under the Securities Act of 1933 and the Exchange Act of 1934.  The provision appears in the parties' brokerage account agreements.  These brokerage accounts held the securities at issue at least until February 2011, well after Plaintiffs executed the arbitration agreements.  According to Plaintiffs' Complaint, Defendants allegedly made the actionable material misrepresentations about the securities up until January 2011, during the course of the parties' broker-client relationship.  The Plaintiff's cause of action therefore relates to the brokerage account agreements.[2]

Finally, Plaintiffs request limited discovery into the circumstances surrounding the

---

[2] Further, I note that Plaintiffs allege ongoing misconduct, which continued for over two years after they executed the brokerage account agreements.  Other courts have held that arbitration agreements may be enforced where there are allegations of ongoing misconduct.  *See Arrigo v. Blue Fish Commodities, Inc.*, 408 F. App'x 480, 481-82 (2d Cir. 2011); *Marcus v. Masucci*, 118 F. Supp. 2d 453, 457 (S.D.N.Y. 2000).

arbitration agreements, to determine if fraud occurred. The party opposing a motion to compel arbitration is responsible for coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration. *See Aronson v. Dean Witter Reynolds, Inc.*, 675 F.Supp. 1324, 1325 (S.D. Fla. 1987). The party opposing arbitration should identify those portions of "the pleadings, depositions, answers to interrogatories, and ... affidavits which support its contention." *Id.* at 1325 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Plaintiffs have made no allegation of fraud in their Complaint, and have failed to produce any factual basis for the Court to conclude that further discovery of this issue is necessary. *See id*. ("[I]t is axiomatic that [plaintiff] is not entitled to additional discovery of 'issues' he is entirely unable to establish even as a threshold matter."). Because Plaintiffs are unable to establish fraud as a threshold issue, their request for limited discovery is denied.

### IV. CONCLUSION

It is **ORDERED and ADJUDGED** that Defendants Laidlaw and Company (UK) Ltd., Inc. and Anthony Calabro's Motion to Compel Arbitration is **GRANTED**. The parties shall arbitrate Plaintiff's claims under the Securities Act of 1933 and the Exchange Act of 1934 in accordance with the terms of the arbitration agreement.

This case is **STAYED** pending completion of arbitration proceedings. This Court retains jurisdiction to enforce the arbitral award, if appropriate. The Clerk is directed to ***administratively* CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida, this 31st day of January 2012.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*